# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| TREVOR RAMSEY, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) Case No.: |
| V. | ) |
| | ) |
| DELTA AIR LINES, INC., | ) JURY TRIAL DEMANDED |
| | ) |
| DEFENDANT(S). | ) |
| | ) |

## COMPLAINT

### JURISDICTION

1. This suit is authorized and instituted under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991;" 42 U.S.C. § 2000e, et seq. (Title VII).

2. This suit is authorized and instituted under 42 U.S.C. § 1981. This is a suit authorized and instituted under "Section 1981."

3. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act (Exhibit A). The plaintiff further sued within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

## PARTIES

4. Plaintiff, Trevor Ramsey, ("Plaintiff" or "Ramsey") is a resident of Jonesboro, Clayton County, Georgia, and performed work for the Defendant in the counties composing the Northern District of Georgia during the events of this case. Thus, under 28 U.S.C. § 1391(b), venue for this action lies in the Atlanta Division.

5. Defendant Delta Air Lines, Inc. ("Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama. It is subject to service of process in Alabama.

6. Defendant employed at least five hundred (500) people during the current or preceding calendar year.

7. During the three years preceding filing this Complaint, Defendant has been a company whose employees, including the Plaintiff, are engaged in interstate commerce and whose employees handle and/or work on goods moved in and/or produced in commerce.

8. Defendant's gross annual revenue exceeds $500,000.

## FACTS

9. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

10. Plaintiff began his employment with defendant on or about May 11, 2009, as a Customer Service Agent in the company's JFK airport location.

11. On or about July 18, 2015, Plaintiff transferred to the Atlanta airport location in Department 587 as a Ground Maintenance Mechanic and later became an Aircraft Maintenance Technician in the same department.

12. Plaintiff received no negative performance appraisals during the time that he worked at Delta.

13. Delta has a progressive discipline policy that calls for verbal and written warnings before termination.

14. Plaintiff had no write ups during the time that he worked at Delta.

15. Ramsey performed his job duties in a satisfactory or better manner throughout his employment.

16. Defendant terminated Plaintiff's employment on or about December 21, 2023.

17. On or about November 1, 2021, Plaintiff transferred into Department 352 in the Tech Ops department reporting Tom Hamlin.

18. On or about February 7, 2022, Ramsey transferred to Department 320 as an Aircraft Maintenance Technician.

19. The aircraft mechanics are scheduled to work from 6:00 a.m., until 2:30 p.m. five days per week.

20. The department frequently allowed employees to come in early or stay late for overtime or to make up for times when the employee needed to take time off.

21. When overtime was available for the lines that a mechanic works on, the employee could come in earlier at their discretion.

22. In addition, employees could also arrange to do make up time by arrangement with their manager.

23. The process for working make up time did not require prior approval to work.

24. To work overtime or makeup time, Ramsey would typically come in early.

25. To enter the facility, the company provides their employees with an infrared sticker to affix to their cars.

26. The infrared system did not always catch employees as they entered or left.

27. The infrared system is not synchronized to a time clock and the clocks in the work area did not match the time on that system.

28. When the employees arrive for the day, they write down the approximate time that they arrive because there is no time clock system.

29. Traditionally, in areas where there was an electronic timecard system, they were given a grace period in which they would put the nearest whole time for the time of arrival or departure.

30. As a result, employees were not putting their exact time of arrival on the time sheet.

31. Delta had a practice of allowing employees to leave the work area to get lunch or breakfast for the group and return.

32. It was also customary for employees who were going to be late to stop and get lunch, bagels or doughnuts for the group.

33. The company did not punish employees who were late in this way.

34. Instead, the company would allow the employee to make up the time or take leave time to cover the absence.

35. Ramsey was never disciplined for any timekeeping practices until the events mentioned in this complaint.

36. Moreover, the company did not have any policy requiring its employees to clock in at a certain time.

37. Delta provides its mechanics two 15-minute breaks and a half hour for lunch.

38. Delta also allows its employees to leave early if they do not take a lunch break.

39. In addition, the practice of the company was for the mechanics to take their last break at the end of the day so that they could beat the considerable traffic out of the facility.

40. On or about September 26, 2023, Plaintiff was having work done on his house and needed to leave early.

41. Ramsey told Terry Miller, his supervisor, that he needed to leave early.

42. Miller approved Ramsey to leave early.

43. The next day, Ramsey indicated to Miller that he needed to leave early again for the same reason.

44. Miller allowed Ramsey to leave on both occasions.

45. When Ramsey arrived on September 28, 2023, Miler brought him into the office and said that it had come to their attention that he was leaving early for work.

46. Ramsey responded that he had gotten permission to leave early.

47. Thereafter, Delta purported to conduct an investigation of Ramsey's attendance.

48. As part of the investigation, Ramsey provided evidence refuting the allegations, but when the company saw the evidence that showed he had not violated policy, the company changed its accusations.

49. On or about December 21, 2023, Delta terminated Ramsey's employment.

50. Ramsey had not violated policy.

51. White employees engaged in the same practices as Ramsey were not disciplined or terminated.

## COUNT I TITLE VII - RACE DISCHARGE

52. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

53. Plaintiff is a person of African ancestry.

54. Plaintiff was qualified for the Aircraft Mechanic position.

55. Defendant's employee, Kevin Defoer, terminated Plaintiff's employment on or about December 21, 2023.

56. Other employees who are not of African ancestry engaged in the same or similar conduct but remained employed.

57. Defendant's actions in terminating Plaintiff's employment violated Title VII.

58. Because of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay and benefits.

59. Defendant did not terminate white employees for the same or similar conduct.

60. Defendant's Race was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

61. Because of Defendant's discriminatory decision made in whole or in part because of his race, Plaintiff has lost pay and continues to be paid less.

62. Defendant's actions in terminating Plaintiff violated Title VII.

## COUNT II 42 U. S. C. § 1981 DISCHARGE

63. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

64. Plaintiff is a person of African ancestry.

65. Plaintiff was qualified for the position of Aircraft Mechanic.

66. On or about December 21, 2023, Defendant terminated Plaintiff's employment.

67. In making this decision, defendant alleged that Plaintiff had not accurately reported his time.

68. However, other employees, who are not of African ancestry did the same thing and were not subjected to discipline.

69. Because of Defendant's discriminatory decision made in whole or in part because of his race, Plaintiff has lost pay and continues to be paid less.

70. Because of Defendant's violation of 42 U. S. C § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

71. Defendant's decision to terminate Plaintiff's employment was made, in whole or part, because of his race in violation of 42 U. S. C. § 1981.

72. Because of Defendant's violation of 42 U. S. C. § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the Americans with Disabilities Act;

B. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of the Age Discrimination in Employment Act.

C. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of Title VII of the Civil Rights Act of 1964;

D.  Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of Section 1981;

E.  Enter an Order requiring the Defendant to make Plaintiff whole by awarding reinstatement to the position he would have had, had he not been terminated;

F.  Award him back pay, with employment benefits, front pay, liquidated damages; compensatory damages, special damages; punitive damages nominal damages;

G.  Attorneys' fees and costs;

H.  Plaintiff requests that the Court award Plaintiff equitable relief as provided by law; and,

I.  Any different or additional relief as determined by the Court to which Plaintiff is entitled.

Respectfully submitted on June 18, 2024

/s/Kira Fonteneau
Kira Fonteneau (FON007)

**OF COUNSEL:**

BARRETT & FARAHANY

2 North 20th St, Suite 900
Birmingham, AL 35203
(205) 390-1980
kira@justiceatwork.com

**PLEASE SERVE DEFENDANT AS FOLLOWS**

**Delta Air Lines, Inc.**

**1775 M H Jackson Service Rd**

**Atlanta, GA 30354, USA**

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **TREVOR RAMSEY,** | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **V.** | ) | **Case No.:** |
| | ) | |
| **DELTA AIR LINES, INC.,** | ) | |
| **DEFENDANT(S).** | ) | **JURY TRIAL DEMANDED** |
| | ) | |

## CONFLICT DISCLOSURE STATEMENT

COMES NOW the Plaintiff, Trevor Ramsey, through the undersigned attorney of record, and under the Order of this Court, making the following disclosure about parent companies, subsidiaries, partners, limited liability entity members and managers, trustees (but not trust beneficiaries), affiliates, or similar entities reportable under the Northern District of Georgia's Order:   **This party is  an individual.**

Respectfully submitted on June 18, 2024.

                                                             /S/ Kira Fonteneau
                                                            Kira Fonteneau (FON007)

**OF COUNSEL:**

BARRETT & FARAHANY
2 North 20th St, Suite 900
Birmingham, AL 35203
(205) 390-1980
kira@justiceatwork.com

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **TREVOR RAMSEY,** | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **V.** | ) | **Case No.:** |
| | ) | |
| **DELTA AIR LINES, INC.,** | ) | |
| **DEFENDANT(S).** | ) | **JURY TRIAL DEMANDED** |
| | ) | |

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>EEOC | Agency(ies) Charge No(s):<br>**410-2024-02985** |
|---|---|---|

|  | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| I Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)*<br>Mr. TREVOR RAMSEY | Home Phone<br>404-490-5801 | Year of Birth<br>68 |
|---|---|---|

Street Address

9739 RABUN WAY

JONESBORO, GA 30238

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  (*If more than two, list under PARTICULARS below.*)

| Name<br>DELTA AIR LINES | No. Employees, Members<br>501+ Employees | Phone No.<br>(404) 715-2600 |
|---|---|---|

Street Address

1775 M H JACKSON SERVICE RD

HAPEVILLE, GA 30354

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON<br><br>Race | DATE(S) DISCRIMINATION TOOK PLACE<br>Earliest                                           Latest<br>10/17/2023                                  12/28/2023 |
|---|---|

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I. On or about May 11, 2009, I was hired by the above employer as an Aircraft Maintenance Technician. During April 2023, I was assigned to Aircraft Maintenance Supervisor Terry Miller's (Caucasian) team where I believe that I was treated differently due to my race. Upon arrival to the work center, I was not assigned a trainer while two other (Caucasian) technicians were immediately assigned a trainer. On October 17, 2023, I received a suspension without pay and later was presented with mandatory retirement in Lieu of termination for leaving work early.

II. I was told by Product Line Manager Kevin Defoer (Caucasian) and Human Resource Manager Janelle Gaines (Caucasian) that they found a pattern of me leaving work early. Mr. Defoer used an ID scan document to determine my attendance. I then presented evidence in texts and emails that proved I always received prior approval from my supervisor, Mr. Miller.

III. I believe I have been discriminated against due to my race (African American), in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Mr. TREVOR RAMSEY**<br>01/02/2024<br><br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

Page **1** of 2

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **TREVOR RAMSEY,** | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **V.** | ) | **Case No.:** |
| | ) | |
| **DELTA AIR LINES, INC.,** | ) | |
| **DEFENDANT(S).** | ) | **JURY TRIAL DEMANDED** |
| | ) | |

# EXHIBIT B

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Atlanta District Office**
100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
1-800-669-4000
Website:  www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 04/11/2024

**To:** Mr. TREVOR RAMSEY
9739 RABUN WAY
JONESBORO, GA 30238
Charge No: 410-2024-02985

EEOC Representative and email:  STEPHEN MCGRUDER
Investigator
stephen.mcgruder@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 410-2024-02985.

On behalf of the Commission,

Digitally Signed By:Darrell E. Graham
04/11/2024

Darrell E. Graham
District Director